Richard **LEFFLER**, Plaintiff—
Appellant,

v.

**MASON COUNTY; Bradley Mandeville, Deputy; Doug Smith, Deputy; Shawn P. Donnelly, Sergeant; Sergeant Barrett; Officer Robinson; Deputy Dugan; Deputy Reed, Defendants—Appellees.**

Nos. 03–35849, 04–35980.

United States Court of Appeals,
Ninth Circuit.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted April 8, 2005.*

Decided May 3, 2005.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John R. Scannell, Esq., Seattle, WA, for Plaintiff—Appellant.

John E. Justice, Law, Lyman, Daniel, Kamerrer, Bogdanovich, PS, Olympia, WA, for Defendants—Appellees.

Before: CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Richard Leffler brought suit against Mason County and several named law enforcement officers ("Defendants"), raising various federal constitutional claims under 42 U.S.C. § 1983 and pendent state law claims. The district court granted partial summary judgment to the Defendants on the majority of Leffler's claims and declined to exercise supplemental jurisdiction over the remaining state law claims. Leffler filed a Fed.R.Civ.P. 60 motion to set aside the judgment, which the district court denied. Leffler now appeals both the dismissal of his substantive claims and the denial of his Rule 60 motion. We affirm.

The district court's grant of summary judgment is reviewed *de novo*. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). The district court's refusal to reconsider summary judgment is reviewed for an abuse of discretion. *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 987 (9th Cir.1999).

 Viewing the facts in the light most favorable to Leffler, the incidents he describes do not demonstrate that any of his constitutional rights were violated.

*See Saucier v. Katz*, 533 U.S. 194, 200–01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). We conclude that there was no violation of the Fourth Amendment prohibition against the use of unreasonable force. The handcuff incident claim fails because Leffler failed to proffer any objective evidence of injury. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir.2001). The pepper spray incident claim fails because no reasonable juror could find that the use of pepper spray in those circumstances was unreasonable. *See Brosseau v. Haugen*, — U.S. —, —, 125 S.Ct. 596, 598, 160 L.Ed.2d 583 (2004); *cf. Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir.2003). We also conclude that there was no violation of the Fourth Amendment prohibition against unreasonable seizures because each of the arrests was conducted in an ordinary manner and supported by ample probable cause. *See Devenpeck v. Alford*, — U.S. —, —, 125 S.Ct. 588, 593, 160 L.Ed.2d 537 (2004); *Whren v. United States*, 517 U.S. 806, 817–19, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Leffler's remaining claims on appeal are without merit because they are conclusory statements unsupported by legal argument or reference to the record. *See* Fed. R.App. P. 28(a)(9); *Arpin*, 261 F.3d at 919 ("[W]e will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim.") (internal citation and quotation omitted). Therefore, the district court properly granted summary judgment to the Defendants.

 Finally, the district court did not abuse its discretion in denying the Rule 60 motion. The alleged insufficiency of service of process of Defendant's second motion for partial summary judgment was harmless because the motion was dismissed as moot. *See Anderson v. Liberty*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (holding that factual disputes that are irrelevant or unnecessary to the outcome are not considered for purpose of reviewing summary judgment). The only possible new federal claim for unreasonable seizure was without merit because: (1) it was not supported by legal argument; and (2) the arrest in question was conducted by the Washington State Patrol, not the Mason County Defendants, and Leffler fails to allege facts sufficient to show that the Defendants wrongfully caused that arrest to occur. *See id.* at 256, 106 S.Ct. 2505 (noting that a party opposing a summary judgment motion "may not rest upon mere allegations or denials of his pleading"). Therefore, only state law claims remained pending after the partial summary judgment and the district court properly declined to retain jurisdiction over them.

AFFIRMED.