NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD THOMPSON, a Nevada resident and KEVIN BATTERSHELL, a California resident, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> KEVIN LAKE, a Nevada resident; et al., <br><br> Defendants - Appellees. | No. 13-15387 <br><br> D.C. No. 3:11-cv-00644-LRH-WGC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 12, 2015
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Richard Thompson and Kevin Battershell brought this action under 42

U.S.C. § 1983 against six police officers employed by the City of Sparks, Nevada.

The district court granted summary judgment to the Sparks police officers,

concluding that they were entitled to qualified immunity.   Thompson and

---

*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Battershell appealed.

We review questions of qualified immunity de novo. *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007). We reverse and remand.

The district court erred in concluding that the Sparks police officers were entitled to qualified immunity with respect to allegations that they used excessive force by subjecting Battershell to excessively tight handcuffing. It is clearly established that "overly tight handcuffing can constitute excessive force." *Wall v. Cnty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004); *see also Meredith v. Erath*, 342 F.3d 1057, 1063 (9th Cir. 2003) (holding that "to place and keep [a person] in handcuffs that were so tight that they caused her unnecessary pain violated her Fourth Amendment right to be free from an unreasonable seizure"). Here, a jury could credit Battershell's account that his handcuffs were excessively tight and that the police officers failed to loosen them. Whether the handcuffs were actually too tight, and whether the officers checked the handcuffs to ensure that they were not too tight, are disputed factual issues that preclude summary judgment.

The officers' contrary arguments are unavailing. First, even assuming that Battershell was required to complain that the handcuffs were too tight, Battershell's request that police loosen the handcuffs was sufficient to satisfy this requirement. *See Wall*, 364 F.3d at 1109-10, 1112. Second, Battershell was not required to show that the handcuffs caused visible physical injury; it is enough that

2

the handcuffs caused Battershell unnecessary pain. *See Meredith*, 342 F.3d at 1060, 1062-63; *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 952, 960 (9th Cir. 2000). Finally, the mere fact that "[h]andcuffing an arrestee is standard practice, everywhere," *LaLonde*, 204 F.3d at 964 (Trott, J., concurring in part and dissenting in part), has no bearing on whether an arrestee's handcuffs are excessively tight, *see id.* at 960 (majority opinion).

The district court also erred in concluding that the Sparks police officers were entitled to qualified immunity with respect to allegations that they used excessive force by detaining Thompson at gunpoint. It is clearly established that police may not detain a suspect a gunpoint where "[t]he crime under investigation was at most a misdemeanor[,] the suspect was apparently unarmed" and nonviolent, and "[t]here were no dangerous or exigent circumstances apparent." *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1014 (9th Cir. 2002) (en banc); *see also Young v. Cnty. of Los Angeles*, 655 F.3d 1156, 1168 (9th Cir. 2011); *Hopkins v. Bonvicino*, 573 F.3d 752, 776-77 (9th Cir. 2009). Even assuming that Battershell's behavior could be imputed to Thompson, a jury could find that all of these criteria were satisfied when the officers detained Thompson at gunpoint. For example, there is evidence from which a jury could find that the officers only discovered Battershell's knives after they had detained Thompson at gunpoint and thus had no reason to suspect Battershell of a felony at the relevant time; that no

3

officer other than Antonio Marconato (who did not participate in Thompson's detention) had reason to suspect Battershell of *any* crime when Thompson was detained;[1] that Battershell was nonviolent and engaged in no active resistance, *see Bryan v. MacPherson*, 630 F.3d 805, 829-30 (9th Cir. 2010); and that no dangerous or exigent circumstances were present.

**REVERSED and REMANDED.**

---

[1] In the absence of evidence that Antonio Marconato communicated with the other Sparks police officers, his knowledge cannot be imputed to those other officers. *See United States v. Villasenor*, 608 F.3d 467, 475 (9th Cir. 2010).