NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARILYN INJEYAN,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITY OF LAGUNA BEACH; DETECTIVE ROBERT RAYHAUSER,<br><br>Defendants - Appellees. | No. 13-56636<br><br>D.C. No. 8:12-cv-00790-BRO-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted December 10, 2015
Pasadena, California

Before: PREGERSON, CALLAHAN, and HURWITZ, Circuit Judges.

Marilyn Injeyan appeals the district court's grant of summary judgment in this

42 U.S.C. § 1983 action on qualified immunity grounds to Laguna Beach Police

Sergeant Robert Rahaeuser and the City of Laguna Beach. We have jurisdiction

under 28 U.S.C. § 1291 and affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

1.     Injeyan's son was suspected of involvement in a crime during which butyric acid had been thrown into a home.  Rahaeuser and other Laguna Beach police officers were executing a search warrant of Injeyan's home issued after a judge found probable cause to believe that items used to commit that crime—including the butyric acid—would be found in the home, where her son lived.  Immediately upon entering the home, Rahaeuser encountered Injeyan and handcuffed her.  Injeyan claims that in handcuffing her, Rahaeuser violated the Fourth Amendment by forcibly lifting her arms behind her back, injuring both of her rotator cuffs.  Injeyan did not verbally complain when being handcuffed, nor did she display outward signs of injury.

2.     "The doctrine of qualified immunity shields officials from civil liability as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (internal citations and quotation marks omitted).  "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law,'" *id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)), including "actions in the hazy border between excessive and acceptable force."  *Id.* at 312 (internal citations and quotation marks omitted).  An officer is thus entitled to qualified immunity unless (1) there is a violation of a constitutional right and (2) the right at issue was clearly established at the time of

2

the officer's alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

3. We reject Injeyan's argument that the mere fact of handcuffing her violated the Fourth Amendment. Rahaeuser could not have been certain about who else was in the home or whether dangerous chemicals were stored there. He was therefore justified in temporarily detaining Injeyan until the scene was stabilized. *See Muehler v. Mena*, 544 U.S. 93, 98-100 (2005) (holding that an officer's authority to detain incident to a search is categorical, and the use of handcuffs to effectuate plaintiff's detention for the duration of the search was reasonable because the search presented an inherently dangerous situation).

4. Injeyan contends that even if the handcuffing alone did not violate the Fourth Amendment, the force used was excessive given that she was a seventy-two year-old slight woman who readily submitted to the officer's authority. But even assuming that Rahaeuser used excessive force, "[q]ualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Pearson*, 555 U.S. at 231 (internal citations and quotation marks omitted). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix*, 136 S. Ct. at 308 (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)).

3

5.      Although it is well settled that using excessive force in connection with an otherwise legal arrest or seizure violates the Fourth Amendment, *see Meredith v. Erath*, 342 F.3d 1057, 1061-62 (9th Cir. 2003), the Supreme Court has cautioned that we should not "define clearly established law at a high level of generality," *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2084 (2011) (internal citations omitted).

6.      Qualified immunity applies unless existing case law makes clear to any reasonable officer in the defendant's particular position that his use of force is excessive.  *See City of S.F. v. Sheehan*, 135 S. Ct. 1765, 1777 (2015).

7.      We find no precedent placing the conclusion that Rahaeuser's alleged conduct under the particular circumstances he confronted was unreasonable "beyond debate," *al-Kidd*, 131 S. Ct. at 2083.  *Meredith*, upon which Injeyan relies, established that the lengthy handcuffing of an individual during a search aimed at evidence of tax crimes may violate the Fourth Amendment.  *See* 342 F.3d at 1063. And *Hansen v. Black* held that a jury could find a Fourth Amendment violation if an officer who arrested the plaintiff without probable cause in her driveway unreasonably injured the plaintiff's wrist while handcuffing her.  885 F.2d 642, 645 (9th Cir. 1989).  Neither case dealt with facts like those here: a handcuffing during the execution of a search warrant, where a seemingly dangerous chemical was involved and prompt action was required to protect public (and the officers') safety,

4

and where the arrestee did not display any signs of pain during the handcuffing.[1]

The conclusion that Rahaeuser's conduct constituted excessive force in the particular circumstances of this case thus does not follow "immediately from" our precedents. *See Mullenix*, 136 S. Ct. at 309.

**AFFIRMED**.

---

[1] These circumstances also distinguish this case from *Franklin v. Foxworth*, which held that officers acted unreasonably by removing a "gravely ill and semi-naked man from his sickbed without providing any clothing or covering" and forced him to "remain sitting handcuffed in his living room for two hours." 31 F.3d 873, 876-77 (9th Cir. 1994). Nor does *Tekle v. United States* constitute "clearly established" precedent on point, because there we considered whether officers were entitled to qualified immunity where they made an eleven year-old child lie face down in his driveway, put a gun to his head, and handcuffed him for ten to fifteen minutes, all in connection with the arrest of his parents, who were themselves suspected only of non-violent crimes. 511 F.3d 839, 845-47 (9th Cir. 2006).

*Marilyn Injeyan v. City of Laguna Beach*, No. 13-56636

Pregerson, J., dissenting

I dissent. Injeyan's claim of excessive force is not a carbon copy of *Meredith*, *Hansen*, *Franklin*, or *Tekle*. But these cases, when taken together, provide clear notice that the officer's conduct would run afoul of the law. *See Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2007) (holding it was objectively unreasonable for the officer to grab a woman by the arms, throw her to the ground, and twist her arms while handcuffing her during the execution of a search warrant related to tax evasion crimes); *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989) (holding the officers used excessive force on Hansen by unreasonably injuring her wrist and arm as they handcuffed her); *Franklin v. Foxworth*, 31 F.3d 873, 876–77 (9th Cir. 1994) (holding that officers acted unreasonably by removing a "gravely ill and semi-naked man from his sickbed without providing any clothing or covering and then [] forcing him to remain sitting handcuffed in his living room for two hours"); *Tekle v. United States*, 511 F.3d 839, 845–47 (9th Cir. 2006) (holding that a reasonable officer would have known that pointing a gun at an unarmed, barefoot, eleven-year-old non-suspect and forcing him to lie face down in his driveway was unreasonable).

Here, the officer was faced with seventy-two-year-old Marilyn Injeyan—a slight woman whom the officer had met the day before, who was not a suspect in

the crime, and who readily submitted to the officer's authority to detain her.  Yet, in the face of ready submission, the officer handcuffed Injeyan and wrenched her arms to such a degree that he tore her rotator cuffs.  Any reasonable officer would have understood that such force in these circumstances was excessive.

I understand that the Supreme Court has cautioned that we not define clearly established law at a high level of generality.  But I am troubled that in a number of cases this caution has become an insurmountable barrier to many righteous claims.