NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW KINERSON, | No.   15-35622 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00216-JLQ |
| v. | |
| SPOKANE COUNTY WASHINGTON; TIMOTHY JONES, Deputy; JEFFREY THURMAN, Deputy; JUSTIN ELLIOTT, Corporal, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Argued and Submitted February 9, 2018
Seattle, Washington

Before:  M. SMITH and MURGUIA, Circuit Judges, and GORDON,[**] District
Judge.

Plaintiff-Appellant Matthew Kinerson appeals the district court's order

granting summary judgment in favor of Defendants-Appellees Timothy Jones,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Andrew P. Gordon, United States District Judge for
the District of Nevada, sitting by designation.

Jeffrey Thurman, and Justin Elliott on qualified immunity grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's order *de novo*. *See Mattos v. Agarano*, 661 F.3d 433, 439 (9th Cir. 2011) (en banc). "Where disputed issues of material fact exist, we assume the version of the material facts asserted by the non-moving party. We draw all reasonable inferences in favor of the non-moving party." *Id.* (citation omitted). To determine whether an officer is entitled to qualified immunity, we must determine (1) whether the officer's conduct violated any constitutional right and (2) whether the constitutional right was clearly established in light of the specific facts of the case. *Id.* at 440.

We hold that the officers' use of force was reasonable in light of the specific circumstances of this case, and did not violate a clearly established right. Allegations of excessive force are analyzed under the Fourth Amendment's prohibition against unreasonable seizures. Whether the force used by an officer is unconstitutionally excessive is determined by whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting the officer. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The use of a taser constitutes an intermediate use of force that must be justified by a strong governmental interest that compels the use of such force. *See Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1130 (9th Cir. 2017); *see also Meredith v.*

*Erath*, 342 F.3d 1057, 1061 (9th Cir. 2013).

Based on the totality of the circumstances known to the officers at the time of the incident, their use of intermediate force against Kinerson was reasonable. While Kinerson was not suspected of any crime, the officers were informed that he had a handgun, was potentially suicidal, and had made statements indicating that he was going to harm others. After the officers made contact with Kinerson, they observed unidentified black objects on his waistband, which they thought could be weapons. Kinerson was reaching down toward his waistband when Officer Jones deployed his taser. Kinerson's insistence that he was reaching down to pull up his shirt in an attempt to show the officers that he was not armed is irrelevant. The officers reasonably interpreted his arm movements as reaching toward the unidentified black objects.

Officer Jones's second taser application was also reasonable. Officers Thurman and Elliott were unable to obtain compliance from Kinerson and were unable to search him for weapons. After the second taser application, the officers were able to search Kinerson and recover a knife from his waistband. The officers' conduct was reasonable in these circumstances and did not violate any clearly established constitutional right. Therefore, the district court did not err in granting summary judgment to Defendants-Appellees on the basis of qualified immunity.

**AFFIRMED.**

15-35622