Lynne **MEREDITH**; Gayle Bybee; Jenifer Meredith; Bernadette Keller; Carla Figaro, The People of California, ex rel., Plaintiffs–Appellees,

v.

Andrew **ERATH**, Defendant–Appellant.

No. 02–55021.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Filed Sept. 8, 2003.

---

**5.** The latter assertion is obviously undermined by his spousal and child abuse convictions.

Gretchen M. Wolfinger, United States Department of Justice, Tax Division, Washington, DC, for the defendant-appellant.

Gayle Bybee, Pro Per, Sunset Beach, CA, for the plaintiffs-appellees.

Before MESKILL,[*] THOMPSON, and BERZON, Circuit Judges.

Opinion by Judge DAVID R. THOMPSON; Partial Concurrence and Partial Dissent by Judge MESKILL

---

* The Honorable Thomas J. Meskill, Senior United States Judge for the Second Circuit, sitting by designation.

## OPINION

DAVID R. THOMPSON, Circuit Judge.

IRS Agent Andrew Erath had a warrant to search a three-story building for evidence of income tax violations. Gayle Bybee, who was not the target of the investigation, lived on the third floor. When she demanded loudly and repeatedly that Erath produce a search warrant, Erath (according to Bybee) used excessive force in handcuffing her. She was then detained in handcuffs for several hours while the search proceeded; during the first 30 minutes the handcuffs were overly tight and caused her pain.

Bybee sued Erath claiming that he used excessive force in handcuffing her and unlawfully detained her during the search, in violation of the Fourth Amendment. The district court denied Erath's summary judgment motion, in which he contended he was entitled to qualified immunity. Erath then filed this interlocutory appeal. We have appellate jurisdiction. *Clement v. Gomez*, 298 F.3d 898, 901 (9th Cir.2002).

With regard to Bybee's claim that Erath used excessive force in handcuffing her, and her claim that he unlawfully detained her in overly tight and painful handcuffs during the first 30 minutes of the search, we affirm the district court's rejection of Erath's assertion of qualified immunity. Accepting Bybee's rendition of the facts as true, as we must in reviewing the district court's denial of qualified immunity on summary judgment, Erath's conduct violated the Fourth Amendment, and a reasonable agent in his position would have known that it did.

With regard to Bybee's claim that detaining her in handcuffs during the search was unlawful, we conclude that the totality

of the circumstances did not justify her detention in that manner. Hence, Agent Erath violated the Fourth Amendment. Before today, however, it had not been clearly established that this conduct would violate Bybee's constitutional rights. Therefore, as to this portion of Bybee's claim, Agent Erath is entitled to qualified immunity.

Consistent with the foregoing, we affirm the district court in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

Lynne Meredith is the founder and operator of "We the People," an organization that advises individuals on ways to avoid paying federal income taxes. Erath was investigating Meredith for filing false tax returns in violation of 26 U.S.C. § 7206(1), attempting to interfere with the administration of the tax laws in violation of 26 U.S.C. § 7212(a), and conspiring to defraud the United States in violation of 18 U.S.C. § 371. As part of this investigation, Erath obtained a search warrant for a "three-story unattached office building" owned by Meredith in Sunset Beach, California. Erath believed and signs on the property indicated that the building was the headquarters of "We the People."

Pursuant to the search warrant, Erath and twelve other IRS agents entered the Sunset Beach property on July 10, 1998, to search for evidence. Upon entering the third floor, Erath and some of the other agents encountered Bybee, who, unbeknownst to them, was using that floor as her residence. According to Bybee, she loudly told the agents that the search was illegal and asked Erath to see a search warrant. Erath did not provide her with the warrant, because it had been left in the car.

Bybee alleges that when she repeated her request to see a search warrant Erath grabbed her by her arms, forcibly threw her to the ground and, twisting her arms, placed handcuffs on her wrists. She further alleges that the handcuffs were closed around her wrists so tightly that they caused her pain, and that she suffered extensive bruising by the force used against her.

After placing the handcuffs on Bybee, Erath made her sit on a nearby couch, and the search proceeded. Bybee states that she complained several times that the handcuffs were too tight and were causing her pain, but for 30 minutes they were left as they were; thereafter, they were loosened so that they would not cause pain, but would nonetheless restrain her. The handcuffs were removed several hours later and Bybee was told she could leave. She did not leave, choosing instead to remain at the Sunset Beach property until about 4:00 p.m. During this time she sat on the couch and read a book.[1] Following these events, the present lawsuit was filed. Although there are several plaintiffs, only Bybee is involved in this appeal.

## II. DISCUSSION

█ In deciding whether, on summary judgment, Agent Erath is entitled to qualified immunity, we first determine if the facts, taken in the light most favorable to Bybee, show that Erath's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If Erath did violate such a right, we then determine whether that right was clearly established. *Rudebusch v. Hughes,* 313 F.3d 506, 514 (9th Cir.2002). A right is clearly established if a reasonable agent would have understood

---

**1.** Agent Erath's description of these events is quite different. For purposes of this appeal, it is unnecessary for us to recite them.

that what he was doing violated that right. *Id.* "That is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Alexander v. County of Los Angeles,* 64 F.3d 1315, 1319 (9th Cir.1995).

■ We review de novo a district court's order denying a motion for summary judgment based on qualified immunity. *Mena v. City of Simi Valley,* 226 F.3d 1031, 1036 (9th Cir.2000).

We first consider Bybee's claim that Agent Erath used excessive force in handcuffing her. In *Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court held that the "use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness." *Saucier,* 533 U.S. at 201–02, 121 S.Ct. 2151. This standard requires us to balance the amount of force applied against the need for that force. *Deorle v. Rutherford,* 272 F.3d 1272, 1279 (9th Cir.2001). In determining the need for force, we pay "careful attention to the facts and circumstances of [the] particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396, 109 S.Ct. 1865. *See also Santos v. Gates,* 287 F.3d 846, 853–54 (9th Cir.2002).

■ Taking the facts in the light most favorable to Bybee, a reasonable jury could find that Agent Erath used an unreasonable amount of force in handcuffing her and as a result violated her Fourth Amendment rights. *Santos,* 287 F.3d at 854. According to Bybee, Erath grabbed her by her arms, forcibly threw her to the ground, and, twisting her arms, handcuffed her. Erath did all of this after Bybee loudly asked several times to see a search warrant. Bybee did not pose a safety risk and made no attempt to leave the Sunset Beach property. Erath was investigating income tax related crimes, which (although felonies) are nonviolent offenses. Bybee objected vociferously to the search and she "passively resisted" the handcuffing, but the need for force, if any, was minimal at best. In these circumstances, it was objectively unreasonable and a violation of the Fourth Amendment for Erath to grab Bybee by the arms, throw her to the ground, and twist her arms while handcuffing her. *Id.; Liston v. County of Riverside,* 120 F.3d 965, 976–77 (9th Cir.1997).

When these events occurred, July 10, 1998, it was clearly established that the amount of force Bybee says Erath used in handcuffing her was excessive, and a reasonable agent in Erath's position would have known that such conduct violated the Fourth Amendment. *See, e.g., Hansen v. Black,* 885 F.2d 642, 645 (9th Cir.1989) ("[T]he officers used excess force on Hansen by unreasonably injuring her wrist and arm as they handcuffed her."). Agent Erath, therefore, is not entitled to qualified immunity on summary judgment as to Bybee's excessive force claim.

■ We next consider Bybee's unlawful detention claim. Police may detain persons without probable cause while executing a search warrant if justified by the circumstances. *Michigan v. Summers,* 452 U.S. 692, 705, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). Such a detention may be unlawful under the Fourth Amendment "either because the detention itself is [unreasonable] or because it is carried out in an unreasonable manner." *Franklin v. Foxworth,* 31 F.3d 873, 876 (9th Cir.1994). A seizure must be "carefully tailored" to the law enforcement interests that, according to the *Summers* line of cases, justify

detention while a search warrant is being executed. *Ganwich v. Knapp*, 319 F.3d 1115, 1122 (9th Cir.2003) (quoting *Florida v. Royer*, 460 U.S. 491, 504, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)). Where such law enforcement interests arguably justify a detention, we balance those interests against the intrusiveness of the seizure to the persons detained. *Summers*, 452 U.S. at 699–705, 101 S.Ct. 2587 (1981);[2] *Ganwich*, 319 F.3d at 1120. Thus, the reasonableness of a detention depends not only on *if* it is made, "but also on *how* it is carried out." *Franklin*, 31 F.3d at 875 (quoting *Tennessee v. Garner*, 471 U.S. 1, 7–8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). "[A] detention conducted in connection with a search may be unreasonable if it is unnecessarily painful, degrading, or prolonged[.]" *Id.* at 876.[3]

We have not previously addressed the reasonableness of detaining a person in handcuffs during the execution of a search warrant for evidence.[4] We have held, however, that the use of guns and handcuffs during an investigatory detention "must be justified by the circumstances." *Robinson v. Solano County*, 278 F.3d 1007, 1014 (9th Cir.2002) (quoting *Baker v. Monroe Township*, 50 F.3d 1186, 1193 (3d Cir. 1995)). We held in *United States v. Bautista*, 684 F.2d 1286 (9th Cir.1982) that the use of handcuffs was justified during a

*Terry* stop to ensure officer safety from suspected violent criminals and to prevent their escape. *Id.* at 1289. We have also commented, in a case involving the detention of a suspect during a search for contraband, that "handcuffing substantially aggravates the intrusiveness" of a detention. *Washington v. Lambert*, 98 F.3d 1181, 1188 (9th Cir.1996) (internal quotation marks omitted); *Bautista*, 684 F.2d at 1289 (same).

During searches for narcotics, courts have required a showing of justifiable circumstances for using handcuffs. *Compare Baker v. Monroe Township*, 50 F.3d 1186, 1193–94 (3d Cir.1995) (holding that officers were not justified in handcuffing a mother and her teenage children who were approaching a residence where the officers were executing a search warrant for narcotics), *with Torres v. United States*, 200 F.3d 179, 185–86 (3d Cir.1999) (permitting the use of handcuffs because "the agents had good reason to fear violence or destruction of evidence as they entered the appellees' home" to search for narcotics); *United States v. Fountain*, 2 F.3d 656, 663 (6th Cir.1993) (same), *overruled on other grounds by Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 717 (6th Cir.1999).

■ From the foregoing case law, we glean the rule that detaining a person in

---

**2.** *Summers* approved a detention incident to a search for "contraband" and reserved the question whether a detention would be permissible if accompanied by a warrant seeking only noncontraband evidence. *Summers*, 452 U.S. at 705 n. 20, 101 S.Ct. 2587. Because we conclude that Bybee's detention in handcuffs was unreasonable, we need not address whether, in executing the warrant to search only for noncontraband evidence, her detention without handcuffing might have been permissible under *Summers*.

**3.** Apart from Bybee's claims pertaining to the detention itself, the detention by handcuffing, and the detention during the first 30 minutes in what she alleges were overly tight hand-

cuffs, Bybee does not challenge the *length* of her detention. As previously noted, she chose to remain in her residence for the duration of the search even after she was told she was free to leave.

**4.** In *Franklin*, we held that the detention of an elderly, disabled man was unreasonable because of the length of the detention and "the treatment afforded the detainee during the detention." *Franklin*, 31 F.3d at 877. We did not address as a discrete inquiry whether it was reasonable to handcuff him. Nor did we address this issue in *Liston*, 120 F.3d at 977–79, or *Mena*, 226 F.3d at 1040–41 *and* 332 F.3d 1255 (9th Cir.2003).

handcuffs during the execution of a warrant to search for evidence is permissible, but only when justified by the totality of the circumstances. To determine whether the circumstances justify handcuffing, we begin with a consideration of the factors articulated by the Court in *Summers* and by our court in *Ganwich,* cases in which there were detentions, but not in handcuffs. Because handcuffing "substantially aggravates the intrusiveness" of a detention, it follows that circumstances which would justify a detention will not necessarily justify a detention by handcuffing. More is required.

■ Here, taking the facts in the light most favorable to Bybee, the circumstances did not justify her detention in handcuffs. Prior to entering the Sunset Beach property, Agent Erath had no reason to believe that the occupants were dangerous. He was investigating tax related crimes, which, although felonies, are nonviolent offenses. According to Bybee's version of events, she was not a serious impediment to the search or a threat to Erath or anyone else. She simply asked, albeit loudly and several times, to see a search warrant. She made no attempt to flee. In these circumstances, Erath was not justified in detaining Bybee in handcuffs while he and the other IRS agents searched the Sunset Beach property. Bybee's detention in this manner violated the Fourth Amendment. We conclude however that, except for the overly tight handcuffing that Bybee says occurred during the first 30 minutes, which we discuss below, Agent Erath is entitled to qualified immunity on Bybee's detention-in-handcuffs claim.

■ At the time of the search, July 10, 1998, it was not clearly established in this (or any other) circuit that simply handcuffing a person and detaining her in handcuffs during a search for evidence would violate her Fourth Amendment rights.

*See, e.g.,* n. 4, *supra; Heitschmidt v. City of Houston,* 161 F.3d 834, 838–39. Our decision today makes it clear that such conduct, absent justifiable circumstances, will result in a Fourth Amendment violation.

■ Turning next to Bybee's unlawful detention claim founded on her allegation that she was kept in overly tight handcuffs that caused her pain for the first 30 minutes of her detention, we conclude Erath is not entitled to qualified immunity.

In *Franklin,* we held that "a detention conducted in connection with a search may be unreasonable it if is unnecessarily painful[.]" *Franklin,* 31 F.3d at 876. *See also Palmer v. Sanderson,* 9 F.3d 1433, 1436 (9th Cir.1993) ("Sanderson has presented no evidence that would justify handcuffing Palmer so tightly that he suffered pain and bruises, or to justify his refusal to loosen the handcuffs after Palmer complained of the pain."); *Alexander,* 64 F.3d at 1323(denying qualified immunity to police officers who kept the plaintiff in overly tight handcuffs for thirty-five to forty minutes); *Heitschmidt,* 161 F.3d at 839–40 (denying qualified immunity to officers who placed and kept the plaintiff in tight handcuffs for several hours). From these authorities, a reasonable agent in Erath's position would have known, in July 1998, that to place and keep Bybee in handcuffs that were so tight that they caused her unnecessary pain violated her Fourth Amendment right to be free from an unreasonable seizure. *Palmer,* 9 F.3d at 1436; *Alexander,* 64 F.3d at 1322–23. As we stated in *Palmer,* "[u]nder these circumstances, no reasonable officer could believe that the abusive application of handcuffs was constitutional." *Palmer,* 9 F.3d at 1436. Agent Erath is not entitled to qualified immunity as to Bybee's unlawful detention claim founded upon her allegations of painful handcuffing

during the first 30 minutes of her detention.

### III. CONCLUSION

The district court correctly determined that Agent Erath is not entitled to qualified immunity on summary judgment as to Bybee's excessive force claim. The district court also correctly determined that Agent Erath is not entitled to qualified immunity on summary judgment as to Bybee's claim that she was unlawfully detained for 30 minutes in overly tight handcuffs that caused her pain. As to these claims, we affirm the district court's summary judgment denying Agent Erath qualified immunity.

As to Bybee's unlawful detention claim founded upon the fact that she was detained in handcuffs during the search, a constitutional violation occurred, but as to this particular conduct Erath is entitled to qualified immunity because, until the filing of this opinion, it had not been clearly established that detaining a person in handcuffs during the execution of a search warrant, in the absence of justifiable circumstances, would violate the Fourth Amendment.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings. Bybee shall have and recover her court costs incurred in this appeal.

MESKILL, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's conclusion that Erath is not entitled to summary judgment on the basis of qualified immunity on Bybee's excessive force claim. However, I believe that Erath is entitled to summary judgment on Bybee's unlawful detention claim in its entirety. Accordingly, I respectfully dissent from that portion of the majority's opinion that holds the detention of Bybee in uncomfortably tight handcuffs for thirty minutes to be an unlawful detention.

As the majority notes, in *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir.1994), this Court held that "[a] detention conducted in connection with a search may be unreasonable if it is unnecessarily painful, degrading, or prolonged, or if it involves an undue invasion of privacy." In *Franklin*, the Court held that the plaintiff's rights were violated by a detention during which the defendants acted unreasonably "by removing a gravely ill and semi-naked man [the plaintiff] from his sickbed without providing any clothing or covering, and then by forcing him to remain sitting handcuffed in his living room for two hours rather than returning him to his bed within a reasonable time after the search of his room was completed." *Franklin*, 31 F.3d at 876–77. Thirty minutes of discomfort arising solely out of handcuffs that are too tight is a far cry from the actions that this Court found unreasonable in *Franklin*, and I do not agree that the handcuffing alleged by Bybee was unlawful under this precedent.

Furthermore, even if Bybee's Fourth Amendment rights were violated by the overly tight handcuffing, Erath would be entitled to qualified immunity. While *Franklin* establishes that a detention may be unlawful if carried out in an unreasonable manner, "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (internal citations omitted). Here, a reasonable officer in Erath's position would not have known that detaining Bybee—a healthy adult woman, who was fully

clothed and seated on a couch—in tight handcuffs for thirty minutes was unlawful. Interestingly, Bybee concedes that the handcuffs were loosened after she complained that they were uncomfortable.

The majority cites three other cases in support of its denial of qualified immunity on this portion of Bybee's detention claim: *Palmer v. Sanderson,* 9 F.3d 1433, 1436(9th Cir.1993); *Alexander v. County of Los Angeles,* 64 F.3d 1315, 1323 (9th Cir.1995); and *Heitschmidt v. City of Houston,* 161 F.3d 834, 839 (5th Cir.1998). It is true that in each of these cases the presiding court denied qualified immunity to the defendant on a claim that involved handcuffing the plaintiff too tightly, causing pain. However, in each of these cases, the issue of uncomfortable handcuffing arose in the context of an *excessive force* claim, not an unlawful detention claim. In *Heitschmidt,* the handcuffing claim is not discussed as part of the analysis of the plaintiff's unlawful detention claim, but only in section IV of the Fifth Circuit's opinion, which begins: "Heitschmidt also claims that the defendants subjected him to excessive force." *Heitschmidt,* 161 F.3d at 839–40. Likewise, in *Palmer,* the Court considered the plaintiff's allegations regarding painful handcuffing only in the context of the plaintiff's excessive force claim, and not in connection with the plaintiff's unlawful arrest claim. *See Palmer,* 9 F.3d at 1436. Most relevant to the case at hand is *Alexander,* in which this Court held that the defendants were entitled to qualified immunity on the plaintiff's unlawful arrest claim, *see Alexander,* 64 F.3d at 1318–22, but that they *were not* entitled to qualified immunity on the plaintiff's excessive force claim based in part on the defendant's improper use of handcuffs, *see id.* at 1322–23.

I conclude that while it might be clearly established that handcuffing a person in a manner that causes him unnecessary pain may constitute an excessive use of force prohibited by the Fourth Amendment, it is not clearly established that overly tight handcuffing constitutes a violation of a person's right to be free from unlawful detention. Accordingly, I would find that Erath was entitled to qualified immunity as to all aspects of Bybee's unlawful detention claim. I therefore respectfully dissent.