NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARRISON ORR, | No. 15-16514 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-00585-WBS-EFB |
| v. | |
| BRAME, Officer, California Highway Patrol; STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, | MEMORANDUM* |
| Defendants, | |
| and | |
| PLUMB, Officer, California Highway Patrol, | |
| Defendant-Appellant. | |

| | |
|---|---|
| HARRISON ORR, | No. 16-15109 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00585-WBS-EFB |
| v. | |
| BRAME, Officer, California Highway Patrol; PLUMB, Officer, California Highway Patrol; STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted August 18, 2017
San Francisco, California

Before: RAWLINSON and NGUYEN, Circuit Judges, and VANCE,[**] District Judge.

In these consolidated appeals, defendant Terrence Plumb challenges the district court's order denying his motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), and plaintiff Harrison Orr challenges the district court's order partially denying his motion for attorney's fees.[1] We have jurisdiction under 28 U.S.C. § 1291. In Plumb's appeal, no. 15-16514, we affirm the district court's Rule 50(b) ruling. In Orr's appeal, no. 16-15109, we vacate the district court's fee award and remand for recalculation of fees.

**1.** Plumb contends that he was entitled to judgment as a matter of law because the facts at trial did not establish that he used excessive force when arresting Orr. "We review de novo the district court's denial of a Rule 50(b)

---

[**] The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation.

[1] We resolve Plumb's appeal of the district court's judgment on the jury's special verdict, no. 15-16154, in a concurrently filed opinion.

renewed motion for judgment as a matter of law. The test is whether 'the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury.'" *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) (quoting *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002)), *cert. denied*, 137 S. Ct. 2098 (2017).

Even when a suspect "initially resist[s] being arrested, [the officer's] punches [a]re not necessarily a reasonable response." *Blankenhorn v. City of Orange*, 485 F.3d 463, 480 (9th Cir. 2007). "Relevant factors to [the reasonableness] inquiry include . . . 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* at 477 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Here, the officers were dealing with a 76-year-old disabled man who could barely stand without a cane. Orr posed no immediate threat to the officers or anyone else. He had agreed to accompany them to the station. He pleaded with the officers not to handcuff him and told them that he needed control of his arms for balance due to a stroke. While Orr passively resisted by folding his arms across his chest and twisting his torso from side to side, the suspected crime, driving under the influence of drugs, was nonviolent and based on a minor driving

3

infraction. A punch that caused Orr to fall to the ground was clearly not justified under these circumstances. "[I]t is rarely necessary, if ever, for a police officer to employ substantial force without warning against an individual who is suspected only of minor offenses, is not resisting arrest, and, most important, does not pose any apparent threat to officer or public safety." *Young v. County of Los Angeles*, 655 F.3d 1156, 1166–67 (9th Cir. 2011).

It is irrelevant that by denying punitive damages the jury implicitly found that Plumb's conduct was not malicious, oppressive, or in reckless disregard of Orr's rights. "The Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances, and subjective concepts like 'malice' . . . have no proper place in that inquiry." *Graham*, 490 U.S. at 399.

Nor did Plumb have probable cause to arrest Orr for resisting arrest once Plumb employed excessive force. A "defendant cannot be convicted of an offense against a peace officer in the performance of his duties 'unless the officer was acting lawfully at the time the offense against the officer was committed.'" *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 920 (9th Cir. 2001) (quoting *In re Manuel G.*, 941 P.2d 880, 885 (Cal. 1997)). "An officer using excessive force is not acting lawfully." *People v. Sibrian*, 207 Cal. Rptr. 3d 428, 433 (Ct. App. 2016); *see People v. Olguin*, 173 Cal. Rptr. 663, 666 (Ct. App. 1981)

4

("[E]xcessive force by a police officer renders unlawful an otherwise lawful arrest in that excessive force is not within the performance of the officer's duty.").

**2.** Plumb argues that the district court improperly denied him qualified immunity because it was not clearly established at the time that he was violating Orr's constitutional rights. "[A] right is clearly established when the 'contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc) (quoting *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003)), *cert. denied*, 137 S. Ct. 831 (2017).

It was clearly established at the time that "gang-tackling without first attempting a less violent means of arresting a relatively calm . . . suspect [of a non-violent offense]—especially one who had been cooperative in the past and was at the moment not actively resisting arrest—was a violation of that person's Fourth Amendment rights." *Blankenhorn*, 485 F.3d at 481. The same conduct preceded by a punch obviously would have been no less a Fourth Amendment violation. We agree with the district court's analysis, which relied primarily on *Winterrowd v. Nelson*, 480 F.3d 1181 (9th Cir. 2007), and *Meredith v. Erath*, 342 F.3d 1057 (9th Cir. 2003). Rather than addressing these cases, Plumb instead relies on cases that involved lesser force used by officers in far more dangerous situations.

**3.** Plumb contends that he was entitled to judgment as a matter of law on Orr's Bane Act claim. As relevant here, the Bane Act imposes liability on a person who "interferes by threat, intimidation, or coercion . . . with the exercise or enjoyment by any individual . . . of rights secured by the Constitution or laws of the United States." Cal. Civ. Code § 52.1(a). In other words, it "require[s] an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 949 P.2d 941, 944 (Cal. 1998).

Plumb argues that the necessary coercion "must be independent of the coercion, if any, inherent in the constitutional violation itself." "[T]he majority of federal district courts in California have held that '[w]here Fourth Amendment unreasonable seizure or excessive force claims are raised and intentional conduct is at issue, there is no need for a plaintiff to allege a showing of coercion independent from the coercion inherent in the seizure or use of force.'" *Simmons v. Super. Ct.*, 212 Cal. Rptr. 3d 884, 894 (Ct. App. 2016) (quoting *Dillman v. Tuolumne County*, No. 1:13-CV-00404 LJO, 2013 WL 1907379, at *21 (E.D. Cal. May 7, 2013)). We agree. "[T]he elements of [an] excessive force claim under § 52.1 are the same as under § 1983" if the plaintiff "asserts no California right different from the rights guaranteed under the Fourth Amendment." *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

6

*Shoyoye v. County of Los Angeles*, 137 Cal. Rptr. 3d 839 (Ct. App. 2012), did not hold that in *all* Bane Act claims the coercion and the act violating a legal right must be independent. *Shoyoye* involved an unlawful detention where the plaintiff was not timely released from jail due to clerical error. Because "the [California] Legislature meant the statute to address interference with constitutional rights involving more egregious conduct than mere negligence," *id.* at 848, *Shoyoye* held that "[a] wrongful arrest and detention, without more, cannot constitute 'force, intimidation, or coercion' for purposes of section 52.1," *id.* at 849.

We have not extended *Shoyoye*'s holding beyond search-and-seizure cases, where coercion is inherent in a detention or search regardless of whether the illegal conduct is egregious. *See Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015). Excessive force, on the other hand, is by its very nature egregious. *See Doe v. State*, 214 Cal. Rptr. 3d 391, 400 (Ct. App. 2017) ("To prevail on a cause of action under Civil Code section 52.1, the plaintiff must show that the defendant interfered with or attempted to interfere with the plaintiff's legal right by threatening or committing violent acts.").

**4.** We next address Orr's appeal of the district court's reduction of his attorney's fee request. We review the fee award for abuse of discretion. *Morales v. City of San Rafael*, 96 F.3d 359, 362 (9th Cir. 1996).

7

The district court significantly reduced its lodestar determination based in part on "the lack of a tangible public benefit from the verdict." The court acknowledged that in determining the appropriate fee it "should consider whether, and to what extent, [Orr's] suit benefitted the public," including "the public benefit of deterring unconstitutional conduct by law enforcement officials." *McCown v. City of Fontana*, 565 F.3d 1097, 1105 (9th Cir. 2009). Yet the district court was "not persuaded that the verdict in this case will meaningfully deter future violations by other officers."

The court's reliance on a law review article, Joanna C. Schwartz, *Police Indemnification*, 89 N.Y.U. L. Rev. 885 (2014), was particularly problematic. Based on empirical evidence "that police officers almost never financially contribute to settlements and judgments, . . . lawsuits have little negative impact on police officers' employment, and . . . officers' behavior is not influenced to any substantial extent by the threat of being sued," *id.* at 943, Schwartz argues that courts should provide *greater* deterrents to police misconduct, such as by eliminating qualified immunity, *id.*, or imposing vicarious liability on municipalities, *id.* at 947. But the court's reduction of fees here would merely serve to reduce the incentive for the California Highway Patrol to make remedial changes to its procedures and training.

8

Moreover, whatever the merits of Schwartz's academic findings and recommendations, the district court was not free to disregard judicial precedent in order to adopt them. Just as the court could not have imposed vicarious liability on the state or refused to consider defendants' qualified immunity defense, the court should not have assumed, contrary to a long line of cases, that a fee award would have no deterrence effect. *See, e.g.*, *Morales*, 96 F.3d at 364 ("Because it assessed damages against the defendants, the verdict established a deterrent to the City, its law enforcement officials and others who establish and implement official policies governing arrests of citizens.").

We therefore vacate the award and remand for recalculation of fees. On remand, the district court should reconsider or otherwise justify its lodestar reduction in light of this memorandum disposition.

**AFFIRMED in part; VACATED in part; and REMANDED.**

FILED

MAR 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***Orr v. Brame*, Case Nos. 15-16514 and 16-15109**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.