**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BASILEA MENA,

                    Plaintiff-Appellee,

    v.

ROBERT MASSIE,

                    Defendant-Appellant.

No.    19-15214

D.C. No. 4:17-cv-00368-DCB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted January 22, 2020
San Francisco, California

Before:  W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,**
District Judge.

    Defendant-Appellant police officer Massie (Massie) appeals from the district

court's denial of summary judgment (and motion for reconsideration) on Plaintiff-

Appellee Mena's (Mena) claim of excessive force.  This court has jurisdiction to

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

hear interlocutory appeals from summary judgment denying qualified immunity. *Plumhoff v. Rickard*, 572 U.S. 765, 771-72 (2014). We review the denial of summary judgment de novo. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013). We affirm.

1. Evaluating the force used by Massie under the standards articulated in *Graham v. Connor,* 490 U.S. 386, 394–98 (1989), and *Miller v. Clark County*, 340 F.3d 959, 964 (9th Cir. 2003), we conclude that, viewing evidence in the light most favorable to Mena, a reasonable factfinder could conclude that Massie's use of force was objectively unreasonable and therefore constitutionally impermissible.

2. Massie argued that qualified immunity protects him for his actions here. Qualified immunity does not apply where clearly established rights are violated. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Determining whether the right was clearly established at the time of the violation "must be undertaken in light of the specific context of the case[.]" *Id*. at 201. "A constitutional right is clearly established if every reasonable official would have understood that what he is doing violates that right." *Rodriguez v. Swartz*, 899 F.3d 719, 728 (9th Cir. 2018) (internal quotation marks and citation omitted). The clearly defined right should not be defined "at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). "The right must be settled law, meaning that it must be clearly established by controlling authority or a robust consensus of cases of persuasive

2

authority." *Tuuamalemalo v. Greene,* 946 F.3d 471, 477 (9th Cir. 2019) (per curiam).

On June 22, 2016, there was a body of clearly established law that put Massie on notice that it would be excessive force to use violence that is foreseeably likely to cause more than de minimis amounts of pain and injury against an arrestee where the crime is a non-violent misdemeanor and the arrestee (1) was not a threat to the officers or anyone else, (2) was not a flight risk, (3) did not resist (or at most passively resisted) being handcuffed, and (4) was not warned that the officer was going to use violent force before it was applied. *Gravelet-Blondin*, 728 F.3d at 1089–93; *Barnard v. Theobold*, 721 F.3d 1069, 1073 (9th Cir. 2013); *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1166–67 (9th Cir. 2011); *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003).

**AFFIRMED.**