NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY CRUMP,<br><br>             Plaintiff-Appellant,<br><br>  v.<br><br>BAY AREA RAPID TRANSIT DISTRICT, a.k.a. BART; et al.,<br><br>             Defendants-Appellees,<br><br> and<br><br>TANYA SALAS, Officer; WHITE, Officer,<br><br>             Defendants. | No.    19-15735<br><br>D.C. No. 3:17-cv-02259-JCS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding[**]

Submitted July 15, 2020[***]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge.

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:       SILER,[****] TALLMAN, and LEE, Circuit Judges.

Anthony Crump appeals the district court's grant of summary judgment to Bay Area Rapid Transit ("BART") police officers Hashmat Bahaduri and Jason House on his Fourth Amendment claims arising from a late-night encounter at the Concord BART station in 2016.  Crump also appeals the denial of his motion for judgment as a matter of law, to alter or amend the judgment, or for a new trial after a jury returned a defense verdict on his First Amendment and California state law claims arising from the same encounter.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  The district court did not err in holding that officers Bahaduri and House were entitled to qualified immunity on Crump's Fourth Amendment claims.  The district court found that, drawing all inferences in favor of Crump, there were material disputes of fact as to whether reasonable suspicion existed for the investigatory stop and whether probable cause existed for Crump's detention in handcuffs.  It also found that these disputes of fact affected the resolution of Crump's claims that his detention was unreasonably prolonged, and that excessive force was used leading up to and during his handcuffing by the officers.

---

[****]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

Nevertheless, the court granted the officers qualified immunity because as to each step of the encounter, Crump was unable to demonstrate that the officers had violated a clearly established right.

We agree. Taking the facts in the light most favorable to Crump, no clearly established case law would have led all reasonable officers to conclude that stopping Crump near a bicycle, late at night in a high-theft area, in possession of a pair of hedge trimmers capable of cutting a cable lock and a tool bag, constituted a violation of his Fourth Amendment rights. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (holding that, to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate"). Nor was this initial two-minute investigatory stop by Officer Bahaduri so patently violative of Crump's rights that it should have been obvious to the officer that his conduct was unconstitutional. *See Deorle v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001).

Similarly, no precedent clearly established that the officers violated Crump's Fourth Amendment rights when they handcuffed him after he became agitated, yelled obscenities at the officers, and waved the long-bladed hedge trimmers while walking toward them. And again, the decision to handcuff him—like the decision to conduct an investigatory stop at all—was not so patently violative of his rights as to be obviously unconstitutional. *See id.*

As to the claim that the officers employed excessive force when they

3

unholstered a Taser and a firearm for approximately twenty seconds before handcuffing Crump, no clearly established case law would have led reasonable officers to conclude that drawing their weapons when faced with a clearly agitated man advancing upon them with hedge trimmers was excessive. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (setting forth the factors to consider in determining whether the force used was reasonable, including "whether the suspect poses an immediate threat to the safety of the officers or others"); *see also Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law" (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam))).

Turning, finally, to the claim that the officers subjected Crump to excessively painful and prolonged handcuffing, the district court again correctly granted summary judgment based on qualified immunity. Taking as true Crump's statement that the handcuffing tore his rotator cuffs, the undisputed video evidence nevertheless shows that Crump did not cry out in pain or otherwise complain about the handcuffs during the entire duration of the encounter. Accordingly—and absent any suggestion in the video evidence of extremely forceful wrenching of his arms during the cuffing procedure—there is simply no indication that the officers could or should have known that they were causing him pain in violation of the Constitution. *Cf. Wall v. Cty. of Orange*, 364 F.3d 1107, 1110, 1112 (9th Cir.

2004) (reversing grant of qualified immunity where plaintiff twice asked officers to loosen handcuffs); *Meredith v. Erath*, 342 F.3d 1057, 1059–60 (9th Cir. 2003) (rejecting qualified immunity where plaintiff "complained several times that the handcuffs were too tight and were causing her pain, but for 30 minutes they were left as they were"). The officers therefore were entitled to qualified immunity on Crump's Fourth Amendment claims.

2. To prevail on his First Amendment retaliation claim at trial, Crump needed to prove that the officers would not have detained him in handcuffs but for his First Amendment-protected speech, which included cursing at the officers. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). Crump moved for judgment as a matter of law on this claim in a pre-deliberation motion under Federal Rule of Civil Procedure 50(a). He renewed that request in a post-verdict motion under Rule 50(b), which the district court denied.

We may reverse the district court's denial only if "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014). While it may have been possible for the jury to find, based on the evidence at trial, that Crump's speech was the but-for cause of the officers' actions toward him, substantial evidence also supported the conclusion that Crump was detained and handcuffed for waving

5

hedge trimmers at the officers, including video evidence from the officers' body-worn cameras and the officers' testimony at trial. *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001) ("Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence."). Accordingly, we affirm the district court's denial of Crump's renewed motion for judgment as a matter of law on his First Amendment claim.

3. Crump moved to alter or amend the judgment on his state law claims, or in the alternative for a new trial. The district court did not abuse its discretion in denying relief under Rule 59. "[A]mending a judgment after its entry [under Rule 59(e)] remains an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation and internal quotation marks omitted). Crump, rather than identifying any "manifest errors of law or fact upon which the judgment rests" or "manifest injustice" resulting from the jury's verdict, *id.*, simply disagrees that the evidence at trial supports the verdict.

Nor has Crump shown that he is entitled to a new trial under Rule 59(a) because "the verdict is against the weight of the evidence, . . . or that, for other reasons, the trial was not fair to [him]." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (citation omitted). The verdict here was supported by ample

6

evidence, including the consistent testimony of the officers, expert testimony regarding the officers' defensive tactics and training, the video evidence, Crump's own contradictory trial testimony, and medical expert testimony that did not conclusively link the handcuffing incident to his rotator cuff tears. Accordingly, the Rule 59 motion was properly denied.

**AFFIRMED.**