NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DERRICK SANDERLIN; et al., | No. 23-15487 |
| Plaintiffs-Appellees, | D.C. No. 5:20-cv-04824-BLF |
| v. | |
| JASON DWYER; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| CITY OF SAN JOSE; et al., | |
| Defendants, | |
| v. | |
| NAACP OF SAN JOSE/ SILICON VALLEY, | |
| Third-party-plaintiff. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted May 7, 2024
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ, NGUYEN, and FRIEDLAND, Circuit Judges.

Plaintiff-Appellees Derrick Sanderlin, Breanna Contreras, Pietro di Donato, Adira Sharkey, and Vera Clanton (Plaintiffs)[1] are individuals who attended protests that took place in San Jose following the death of George Floyd in 2020. Defendant-Appellants Jason Dwyer, Lee Tassio, Jonathan Marshall, and Juan Avila (Defendants) are police officers who were on the scene responding to those protests. Plaintiffs allege that during the protests, Defendants violated their constitutional rights under the First and Fourth Amendments. Defendants moved for summary judgment, asserting qualified immunity. As relevant here, the district court denied qualified immunity to Defendant Dwyer as to the claims brought by Plaintiffs Sanderlin, Contreras, di Donato, and Sharkey (Group Plaintiffs),[2] and it denied qualified immunity to Defendants Tassio, Marshall, and Avila as to the claims brought by Plaintiff Clanton. We have jurisdiction under 28 U.S.C. 1291,

---

[1] Both parties incorrectly assume that the claims of Plaintiff Joseph Stukes are at issue in this appeal. Stukes brought 42 U.S.C. § 1983 claims only against Defendant Edgardo Garcia, to whom the district court granted summary judgment on all claims asserted against him on the ground that he could not be held liable as a supervisor. Stukes has not brought a cross-appeal of this holding by the district court. Accordingly, Stukes's claims against Garcia are not the subject of this appeal.

[2] In the district court's order, the "Group Plaintiffs" also included Plaintiff Cayla Sanderlin. The Plaintiffs' answering brief, however, does not defend any claim asserted by Cayla Sanderlin, including her First Amendment claim that survived summary judgment.

2

and we review de novo the district court's denial of summary judgment. *Hopson v. Alexander*, 71 F.4th 692, 697 (9th Cir. 2023). We reverse the district court's denial of qualified immunity to Dwyer, but we affirm as to the other Defendants.

1. Group Plaintiffs were each struck by a projectile fired by an unknown officer (except for Sanderlin, who was struck by a projectile fired by Defendant Michael Panighetti).[3] Group Plaintiffs assert First and Fourth Amendment claims under 42 U.S.C. § 1983 against Defendant Dwyer, who served as the San Jose Police Department's (SJPD) Incident Commander in responding to the protests on May 29, 2020—the day each of the Group Plaintiffs were struck. In this role, Dwyer authorized two other SJPD officers, neither of whom are named as defendants in this case, to use 37mm launchers as a crowd control technique after the crowd failed to abide by dispersal orders. Group Plaintiffs argue that Dwyer can be held liable as a supervisor for the alleged First and Fourth Amendment violations they suffered because his authorization of the 37mm against the protestors set in motion "the nature and extent of the SJPD showing of force," which ultimately resulted in them being struck by projectiles.

Group Plaintiffs' claims against Dwyer as a supervisor fail as a matter of law. Even assuming that Group Plaintiffs could demonstrate the requisite causal

---

[3] We resolve the claims brought by Plaintiff Derrick Sanderlin against Defendant Panighetti in a concurrently filed opinion.

connection to hold Dwyer liable for the alleged constitutional violations they suffered, *see Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011), Dwyer would still be entitled to qualified immunity because his actions did not violate clearly established law.

Officers are entitled to qualified immunity "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Hopson*, 71 F.4th at 697 (citation omitted). In denying qualified immunity to Dwyer, the district court framed the question under the second prong as "whether it was clearly established that an officer could not shoot a projectile at an individual who was peacefully protesting," and that "[under] Group Plaintiffs' version of events, the officers had notice that shooting these Plaintiffs would be unconstitutional." The district court erred by focusing the "clearly established law" inquiry on the acts of the officers who struck Group Plaintiffs, rather than on the acts of Dwyer himself.

Under *Chavez v. United States*, "a supervisor faces liability under the Fourth Amendment only where 'it would be clear to a reasonable [supervisor] that his conduct was unlawful *in the situation he confronted*.'" 683 F.3d 1102, 1110 (9th Cir. 2012) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (emphasis added)). "[P]laintiffs cannot base a claim against supervisors on a theory of *respondeat superior*, and must instead show that the supervisors, 'through [their] own

4

individual actions, ha[ve] violated the Constitution.'" *Id.* at 1109 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Thus, to determine whether Dwyer is entitled to qualified immunity, we ask not whether the officers who fired projectiles at Group Plaintiffs knew that their actions were unconstitutional, but instead whether clearly established law prohibited Dwyer from authorizing the use of crowd control devices consistent with policy when confronted with a crowd that was not abiding by dispersal orders. Group Plaintiffs have failed to identify any authority that would have put a reasonable officer in Dwyer's position on notice that such authorization would violate clearly established law. The district court therefore erred in denying qualified immunity to Dwyer.

2.     We affirm the district court's denial of qualified immunity to Defendants Tassio, Avila, and Marshall. Plaintiff Clanton asserts that she was roughly manhandled and slammed to the ground while the officers arrested her. Resolving factual disputes and drawing inferences in Clanton's favor, as we must at this stage, the Defendants violated Clanton's clearly established rights. Case law from this court clearly establishes that a police officer violates the Fourth Amendment when he grabs an individual suspected of a nonviolent offense, who objects and passively resists, throws the individual to the ground, and twists that individual's arms while handcuffing them. *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003). The district court therefore appropriately denied Defendants

5

Tassio, Marshall, and Avila qualified immunity.

**AFFIRMED in part, REVERSED in part, and REMANDED.**