NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RENE A. RUIZ, individually, and as a proposed class representative,

Plaintiff - Appellant,

v.

RYAN POLAR, Deputy,

Defendant - Appellee,

and

COUNTY OF SAN BERNARDINO, CITY OF VICTORVILLE, DOES, 1 through 20,

Defendants.

No. 24-1215

D.C. No.
5:20-cv-02283-JGB-KK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted March 5, 2025**
Pasadena, California

Before: MURGUIA, Chief Judge, and SANCHEZ and H.A. THOMAS, Circuit

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judges.

Rene A. Ruiz ("Ruiz") brought claims against San Bernardino County Sheriff's Department Deputy Ryan Polar ("Polar"), alleging that he was arrested without probable cause, arrested in retaliation for his protected speech, and subject to excessive force. "We review de novo a grant of summary judgment to determine whether 'a rational trier of fact might resolve the issue in favor of the nonmoving party.'" *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019) (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007)). In doing so, "we view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Id.* "We also review de novo a district court's grant of summary judgment on qualified immunity grounds." *Id.* We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

1. A genuine dispute of material fact exists as to whether Polar had probable cause to arrest Ruiz for a violation of California Penal Code § 415(2). Section 415(2) prohibits loud noises "where there is a clear and present danger of imminent violence," or "where the purported communication is used as a guise to disrupt lawful endeavors." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022). After Ruiz was not permitted to cross a blockade to his home, Ruiz followed Polar's instructions by leaving the intersection and parking in his

neighbor's driveway. As he returned home, it is in dispute whether Ruiz was headed toward Rudy Magana, a city employee, or walking home when he displayed his middle finger and whether he shouted a curse at Polar or Magana. Viewing the evidence in the light most favorable to Ruiz, a genuine dispute of material fact exists as to whether Ruiz's conduct presented a "clear and present danger of imminent violence" or disrupted Magana's "lawful endeavors." *Id.*

The district court also erred in finding that probable cause existed to arrest Ruiz for violating California Penal Code § 148(a)(1), which punishes those "who willfully resist[], delay[], or obstruct[] any public officer . . . in the discharge or attempt to discharge any duty of his or her office or employment." Polar ordered Ruiz to turn around three times before Ruiz complied with the instruction, all of which occurred within the span of approximately twenty seconds. California courts have held that while it "is true that [defendant] complied slowly with [the police officer's] orders, . . . it surely cannot be supposed that Penal Code section 148 criminalizes a person's failure to respond with alacrity to police orders." *In re Chase C.*, 243 Cal. App. 4th 107, 117 (2015) (first and second alterations in original) (quoting *People v. Quiroga*, 16 Cal. App. 4th 961, 966 (1993)).[1] Ruiz's

---

[1] The district court did not err in concluding that Polar lacked probable cause to arrest Ruiz solely for his refusal to provide identification. Ruiz offered his I.D. to Polar after being asked to turn around the second time. And as noted, the failure to comply immediately with an officer's requests does not constitute a violation of

24-1215

failure to comply immediately with Polar's instructions does not constitute probable cause to arrest him under California law.

Because there is a genuine dispute of material fact as to the existence of probable cause to arrest under section 415(2), and probable cause to arrest under section 148(a)(1) is lacking as a matter of law, we reverse the grant of summary judgment to Polar on the Fourth Amendment unlawful seizure claim and the First Amendment retaliation claim under *Nieves v. Bartlett*, 587 U.S. 391, 404 (2019), and remand for further proceedings.[2]

2.　　When resolving questions of qualified immunity in a § 1983 action, we engage in a two-prong inquiry. First, we "must decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal citations omitted). Second, we must determine whether the right at issue was "clearly established" at the time of the violation. *Id.*

---

section 148(a)(1). Nor did the district court err in finding a genuine dispute of material fact as to whether probable cause supported arresting Ruiz for attempting to fight in public. *See* Cal. Penal Code §§ 69(a), 415(1). When viewing the evidence in the light most favorable to Ruiz, a jury could credit Ruiz's testimony against Polar's and Magana's and find that Ruiz did not challenge Polar to a fight.

[2] The district court did not address Polar's separate claim that he had probable cause to arrest Ruiz for a violation of City of Victorville Municipal Code § 14.04.040(l). On remand, the district court may consider this claim in the first instance.

In determining whether a police officer's use of force against a person is objectively unreasonable in violation of the Fourth Amendment, we must give "careful attention to the facts and circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The reasonableness of an officer's use of force turns on factors such as the severity of the crime, whether the suspect posed an immediate threat to the officer or others, and whether the suspect was actively resisting arrest. *Id.* Where the objective reasonableness of an officer's conduct turns on disputed issues of material fact, that is "a question of fact best resolved by a jury." *Wilkins v. City of Oakland*, 350 F.3d 949, 955 (9th Cir. 2003).

Under the first prong of the qualified immunity analysis, we agree with the district court and conclude that Ruiz has shown a violation of his Fourth Amendment right. As noted above, there are genuine disputes of material fact as to whether probable cause supported arresting Ruiz for any crime, and the offense for which he was arrested was, in any event, a minor one. Under the record presented, Ruiz did not pose an immediate threat to Polar or Magana, he did not commit a severe crime or try to evade arrest, and Polar could have used less intrusive alternatives to arrest Ruiz. Viewing the evidence in the light most favorable to Ruiz, a jury could reasonably conclude that Ruiz was merely agitated over the fact that he was not able to pass through the traffic barriers to get home quickly and expressed his frustration to Polar in a nonthreatening manner. Thus, a

5                                                    24-1215

reasonable factfinder could conclude that Polar's use of force was objectively unreasonable under the circumstances.

Under the second prong, the district court concluded in error that the constitutional violation here was not clearly established. In response to a minor offense, Polar placed his knee on Ruiz's lower back while Ruiz was on the ground, pulled Ruiz's left arm behind his back to handcuff him, and lifted Ruiz up by his arms. Polar held his right knee on Ruiz's lower back for fifteen to thirty seconds. While being handcuffed, Ruiz told Polar that he was "injured," had "a torn rotator cuff" on his "left shoulder," and had "back problems." Supreme Court and Ninth Circuit precedent clearly established at the time of the incident that force like the kind demonstrated here is unconstitutional when applied to a plaintiff who poses little to no immediate threat and is suspected of committing a minor offense. *See, e.g.*, *Los Angeles Cnty. v. Rettele*, 550 U.S. 609, 614 (2007); *Young v. Cnty. of Los Angeles*, 655 F.3d 1156, 1168 (9th Cir. 2011); *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003); *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 952, 959 (9th Cir. 2000). These cases would put a reasonable officer on notice that the force alleged could violate Ruiz's Fourth Amendment right. Therefore, the district court erred in granting qualified immunity to Polar.

**REVERSED and REMANDED.**

24-1215