
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRYSTAL LOPEZ,

        Plaintiff-Appellee,

v.

CITY OF GLENDORA; et al.,

        Defendants-Appellants,

 and

MATTHEW WENDLING; DOES, 1 through 10,

        Defendants.

No.   19-55292

D.C. No.
2:17-cv-06843-ODW-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 1, 2020[**]
Pasadena, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit Judges.

The City of Glendora, Lisa Rosales, and Raymond Kodadek[1] filed this interlocutory appeal[2] from the district court's partial denial of their motion for summary judgment on qualified immunity grounds. Krystal Lopez alleged a violation of her civil rights under 42 U.S.C. § 1983 and associated state law claims arising from a traffic stop. Kodadek asserts he is entitled to qualified immunity on Lopez's claims that he attempted to conduct a pat-down search without reasonable suspicion, used excessive force, and retaliated against her for protected speech.[3] We affirm.

In determining if qualified immunity applies, "we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly

---

[1]Although the City of Glendora and former police chief Rosales remain parties to the appeal, all of the claims on appeal relate solely to Kodadek's conduct and not to any supervisor or municipal liability.

[2]We have jurisdiction to review a denial of qualified immunity on interlocutory appeal, limited to resolving "whether, after construing disputed facts and reasonable inferences in favor of [the plaintiff], [the defendant] is entitled to qualified immunity as a matter of law." *Thomas v. Dillard*, 818 F.3d 864, 874 (9th Cir. 2016).

[3]Kodadek also challenges the district court's denial of his evidentiary objections to Lopez's opposition to summary judgment. However, he failed to adequately brief this issue and has therefore waived it. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

2

established at the time of the officer's alleged misconduct." *Estate of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1005 (9th Cir. 2017) (internal quotation marks omitted). A constitutional right is clearly established at the time of the incident only if "the right's contours [are] sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela v. Hughes*, __ U.S. __, __, 138 S. Ct. 1148, 1153, 200 L. Ed. 2d 449 (2018) (per curiam) (internal quotation marks omitted). This means that the reviewing court must not define the right "at a high level of generality"; there must be clearly established law providing guidance based on similar factual scenarios. *Id.* at __, 138 S. Ct. at 1152 (internal quotation marks omitted).

A reasonable jury could conclude that the pat-down violated Lopez's constitutional rights. An officer must rely on specific and articulable facts that a particular suspect is armed and dangerous to justify a pat-down at the scene. *Thomas*, 818 F.3d at 875–76; *see also Terry v. Ohio*, 392 U.S. 1, 23–24, 88 S. Ct. 1868, 1881, 20 L. Ed. 2d 889 (1968).

Kodadek's suspicion that Lopez was armed essentially came down to her (1) being an African-American from Pasadena, (2) wearing a t-shirt, and (3) being driven in an area that had a history of burglaries. But, taken together, broad racial

3

profiles,[4] the wearing of a t-shirt,[5] and the nature of the suspected crime[6] are insufficient for reasonable suspicion.  That law was clearly established at the time of the incident, and the district court correctly found that, on Lopez's alleged facts, any reasonable officer would have realized his actions violated the law.

As to Lopez's claim for excessive force, we look to several factors, "including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight."  *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989). Based on the evidence, a jury could conclude the force used by the officer was not reasonable.  Moreover, the law was clearly established that the use of this degree of force was unreasonable under the circumstances.  *See Thomas*, 818 F.3d at 885*; Meredith v. Erath*, 342 F.3d 1057, 1060–61 (9th Cir. 2003); *see also Kisela*, __ U.S. at __, 138 S. Ct. at 1153.

---

[4] *See United States v. Sigmond-Ballesteros*, 285 F.3d 1117, 1121, 1124 (9th Cir. 2002); *cf. United States v. Montero-Camargo*, 208 F.3d 1122, 1131–32, 1135 n.25 (9th Cir. 2000) (en banc).

[5] *Thomas*, 818 F.3d at 884.

[6] *Id.* at 878 & n.8.

Finally, we affirm the district court as to Lopez's retaliation claim. Retaliation requires Lopez to prove "that (1) the officer's conduct 'would chill or silence a person of ordinary firmness from future First Amendment activities,' and (2) the officer's desire to chill speech was a 'but-for cause' of the adverse action." *Sharp v. County of Orange*, 871 F.3d 901, 919 (9th Cir. 2017).[7] A jury could reasonably conclude that Kodadek's excessive use of force was retaliatory because it immediately followed Lopez's request for a female officer to pat her down and she was, at most, passively resisting at the time. *See Velazquez v. City of Long Beach*, 793 F.3d 1010, 1022–23 (9th Cir. 2015); *Duran v. City of Douglas*, 904 F.2d 1372, 1378 (9th Cir. 1990). These cases condemning "any action to punish or deter" a suspect's speech were clearly established law at the time of the incident. *Duran*, 904 F.2d at 1378.

**AFFIRMED.**

---

[7]Kodadek argues that Lopez must also plead and prove the absence of reasonable cause for the pat-down and use of force in light of *Nieves v. Bartlett*, __ U.S. __, __, 139 S. Ct. 1715, 1725, 204 L. Ed. 2d 1 (2019). We assume without deciding that *Nieves* would apply to this case, but because a jury could conclude that no reasonable suspicion justified the pat-down and that the force was excessive, the *Nieves* requirements are satisfied.