**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LISA MARIE CLOSE, | No. 19-15702 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:17-cv-01313-WBS-DB |
| CITY OF VACAVILLE; STUART K. TAN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted April 15, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and WATFORD and R. NELSON, Circuit
Judges.

Lisa Marie Close appeals from the district court's judgment in her 42 U.S.C.

§ 1983 action, which arose from her arrest for trespassing at Sutter Regional

Medical Center. The district court granted summary judgment to defendant Stuart

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Tan on her excessive force and unlawful arrest claims on qualified immunity grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court properly granted summary judgment to Tan on Close's unlawful arrest claim on qualified immunity grounds.[1] An officer is entitled to qualified immunity if "it is *reasonably arguable* that there was probable cause for arrest." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (per curiam) (emphasis in original). California law provides that a person commits criminal trespass by "[r]efusing . . . to leave . . . real property, or structures . . . lawfully occupied by another and not open to the general public, upon being requested to leave by (1) a peace officer at the request of the owner . . . or (2) the owner, the owner's agent, or the person in lawful possession." Cal. Penal Code § 602(o). In addition, California Penal Code § 602.1(a) provides that a person commits criminal trespass by "intentionally interfer[ing] with any lawful business" and by "refus[ing] to leave the premises of the business establishment after being

_____

[1] The district court declined to reach Close's unlawful detention claim, and Close does not appeal this decision.

requested to leave by the owner or the owner's agent, or by a peace officer acting at the request of the owner or owner's agent."

Close concedes she was asked to leave the exam room at least two times by a security guard prior to the arrival of Officer Tan. It is undisputed Officer Tan was asked to remove Close from the property because she had declined to leave. Thus, it is certainly at least arguable that there was probable cause for trespassing under California law. Close attempts to draw a distinction between the exam room and the "premises" or "structure" under the statutes, but cites no support for that distinction in California law. The district court correctly granted summary judgment on the unlawful arrest claim.

## II

Genuine issues of material fact preclude summary judgment on the excessive force claim, both as to the level of force employed by the officer and the level of resistance posed by the plaintiff. In evaluating a grant of qualified immunity, viewing the evidence in the light most favorable to plaintiff, we first consider whether the officer's actions violated a constitutional right, and second, whether that right was clearly established at the time of the incident. *See Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (en banc).

When evaluating a claim of excessive use of force in violation of the Fourth Amendment, this court asks "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "In assessing the objective reasonableness of a particular use of force," under the *Graham* factors, we "consider: (1) 'the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted,' (2) 'the government's interest in the use of force,' and (3) the balance between 'the gravity of the intrusion on the individual' and 'the government's need for that intrusion.'" *Rice v. Morehouse*, 989 F.3d 1112, 1121 (9th Cir. 2021) (quoting *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc)); *see Graham*, 490 U.S. at 396–97.

Viewing the evidence in the light most favorable to Close, there are genuine issues of disputed fact as to whether the force Tan used in arresting her was unconstitutionally excessive under the *Graham* factors. A reasonable jury could find that the amount of force used, enough to fracture her arm, was significant. The government's interest in the use of that force was minimal: Close was being arrested for a nonviolent misdemeanor and posed, at most, a minimal threat to Tan's safety. There are also genuine issues of disputed fact as to the amount and

4

type of resistance Close employed. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1092 (9th Cir. 2013).[2]

Turning to the next step of the inquiry, clearly established law prior to Close's 2016 arrest held that non-trivial force was unconstitutionally excessive when used against an individual who was passively resisting arrest. *Id.* at 1093; *see also Nelson v. City of Davis*, 685 F.3d 867, 881 (9th Cir. 2012) (defining "passive resistance" as "failure to fully or immediately comply with an officer's orders"). Thus, there are genuine issues of material fact sufficient to survive summary judgment, regardless of whether Close was passively resisting or minimally resisting.

A reasonable jury could find that exerting enough force on Close's arm to fracture it, partially dislocate her elbow, and tear the soft tissue, rose to the level of non-trivial force. *See, e.g.*, *Young v. Cnty. of Los Angeles*, 655 F.3d 1156, 1158 (9th Cir. 2011) (holding that significant force was used where a police officer physically struck and used pepper spray on an arrestee ); *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003) (holding that it was clearly established that twisting and injuring an arrestee's arm while handcuffing her and forcibly

---

[2] The district court did not abuse its discretion in disregarding Close's assertion that Tan choked her during the arrest pursuant to the "sham affidavit" rule. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

5

throwing her to the ground was unreasonable when she was passively resisting); *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989) (bruising on arm while handcuffing sufficient to create a triable factual issue as to excessive force); *see also Rice*, 989 F.3d at 1126 (describing clearly established law as of 2011 where non-trivial force was used (citing *Young*, 655 F.3d at 1158; *Nelson*, 685 F.3d at 881–82)).

"[N]on-trivial force [is] not justified in the face of passive *or even minimal* resistance." *Rice*, 989 F.3d at 1126 (emphasis added) (citing *Nelson*, 685 F.3d at 881–82) (describing clearly established law in 2011). Tan contends that Close was resisting arrest. However, there are disputed issues of fact on that question, and even the resistance that Tan alleges—Close "tensing her muscles" and "pulling her hand away,"—is at most minimal resistance. Because clearly established law held that the alleged degree of force was excessive whether Close was passively or minimally resisting, and because there are genuine disputed issues of material fact on this case, the district court erred in granting summary judgment for Tan on Close's excessive force claim.

Each party shall bear their own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

6