**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRET SMITH,

          Plaintiff-Appellant,

   v.

TOWN OF CHINO VALLEY, a
municipal corporation; TOWN OF CHINO
VALLEY POLICE DEPARTMENT, a
municipal corporation incorporated in the
State of Arizona; UNKNOWN BROWN,
named as RO Brown (CV21), individually
and as husband; UNKNOWN BROWN 2,
named as Jane Doe Brown, individually,
and as wife; JOHNSON, named as Sargent
Co. Johnson (CV07), individually and as
husband; UNKNOWN JOHNSON 2,
named as Jane Doe Johnson, individually,
and as wife; B BURNS, named as Officer
B Burns (CV31), individually and as
husband; UNKNOWN BURNS, named as
Jane Doe Burns, individually and as wife;
C SHAFER, named as Sargent C Shafer
(CV09), individually and as husband;
UNKNOWN SHAFER, named as Jane
Doe Shafer, individually, and as wife; MI
GARCIA, named as Mi Garcia (CV27),
individually, and as husband; UNKNOWN

FILED

MAR 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

No.   23-2142

D.C. No.
3:21-CV-08009-MTL-JZB

MEMORANDUM[*]

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GARCIA, named as Jane Doe Garcia, individually, and as wife; UNKNOWN HUBBLE, named as Deputy Hubble, individually, and as husband; UNKNOWN HUBBLE 2, named as Jane Doe Hubble, individually, and as wife.

Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted September 12, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,[**] District Judge.

Plaintiff-Appellant Brett Smith ("Smith") appeals a summary judgment dismissing his excessive force claims brought under 42 U.S.C. § 1983 against the Town of Chino Valley ("Town"), five Town police officers, and one deputy from the Yavapai County Sheriff's Office ("YCSO"). We have jurisdiction, 28 U.S.C. § 1291, and, reviewing the summary judgment de novo, *L.F. v. Lake Washington Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020), we affirm.

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

1.  Viewed in the light most favorable to Smith, the summary judgment record shows the following.  On January 22, 2020, Smith had been drinking, and he called 911 to report that he had a loaded firearm and was feeling suicidal.  Officers from the Chino Valley Police Department and the Yavapai County Sheriff's Office responded.  *Id.*  Smith informed the officers that he had left his gun on the porch, which was an enclosed vestibule not visible to the officers.  The officers cleared the house of weapons and advised Smith to submit voluntarily to a mental and physical evaluation.  They then decided to take him into custody for an involuntary evaluation.  The officers advised Smith to submit voluntarily to a mental and physical evaluation, and they then decided to take him into custody for an involuntary evaluation.  Smith complied with one officer's request that he stand up and turn around, but when instructed to put his hands behind his back, he refused.  Five officers then surrounded him, grabbed his hands, and forced him to the ground, injuring his knee in the process.  Because Smith could not walk, officers dragged him to the police vehicle.  At the time, Smith was approximately 6 feet tall and weighed 260 pounds.  The officers ranged in size from 5'3" to 6'2" in height and 180 to 240 pounds in weight.

2.  The district court did not err in granting summary judgment dismissing Smith's claims against the individual officers because they were entitled to qualified immunity.  "Qualified immunity attaches when an official's conduct does not violate

- 3 -

clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam) (citation omitted). "Use of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Id.* (citation and internal quotation marks omitted). While acknowledging that "there can be the rare obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances," the Supreme Court has generally "stressed the need to identify a case where an officer acting under similar circumstances was held to have violated the Fourth Amendment." *City of Escondido v. Emmons*, 586 U.S. 38, 43-44 (2019) (per curiam) (citation omitted). Because this is not an "obvious" case, Smith was required to identify a precedent that "squarely governs" these facts. *Kisela*, 584 U.S. at 104 (citation omitted). He has failed to do so.

Smith points to *Hansen v. Black*, 885 F.2d 642 (9th Cir. 1989), *Palmer v. Sanderson*, 9 F.3d 1433 (9th Cir. 1993), and *Meredith v. Erath*, 342 F.3d 1057 (9th Cir. 2003). But *Palmer* involved excessive use of force in the form of an officer injuring the plaintiff by tightly handcuffing him and ignoring his pleas to loosen the handcuffs. By contrast, Smith did not suffer from overly tight handcuffs, and his knee

- 4 -

was injured as he resisted officers attempting to restrain him. Although *Hansen* and *Meredith* involved alleged injuries during handcuffing beyond tight handcuffs, the arrestees in those cases did not actively resist handcuffing in the way that Smith indisputably did. The summary judgment record reflects that officers confronted a mentally ill and drunk individual (Smith) who informed them that he had left a gun in an area of the home that was outside of the officers' immediate view and refused to submit to a mental and physical health evaluation. Smith has failed to identify a case where an officer acting under similar circumstances was held to have violated the Fourth Amendment. Because Smith has not cited any cases establishing that the officers' use of force under these circumstances was excessive, he has failed to carry his burden to place the constitutional question beyond debate such that it was "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Accordingly, the district court did not err in granting summary judgment in favor of the individual officers based on qualified immunity.

3. Smith's counsel acknowledged at oral argument that he could not establish *Monell* liability against the Town. We therefore affirm the grant of summary judgment in the Town's favor.

4. The district court did not commit reversible error in granting summary judgment in favor of the officers and the Town on Smith's excessive force claim.

**AFFIRMED**.