**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOLIE SAVAGE,

            Plaintiff-Appellee,

 v.

PAUL SEGURA; et al.,

            Defendants-Appellants,

 and

JEFF PIPER; et al.,

            Defendants.

No.   23-55812

D.C. No.
2:21-cv-08067-VAP-PD

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted March 5, 2025
Pasadena, California

Before: MURGUIA, Chief Judge, and SANCHEZ and H.A. THOMAS, Circuit
Judges.

    Whittier Police Department ("WPD") Officers Paul Segura, Mark Goodman,

John Draper, Michael Przybyl, Jason Zuhlke, and Jeffrey Robert (collectively,

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"WPD Officers") appeal the district court's denial of their motion for summary judgment based on qualified immunity in this 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. "In reviewing the denial of summary judgment on qualified immunity grounds, we decide de novo whether the facts, considered in the light most favorable to the plaintiff, show that qualified immunity is warranted." *Sanderlin v. Dwyer*, 116 F.4th 905, 910 (9th Cir. 2024) (cleaned up). We affirm in part, reverse in part, and remand.

"To determine whether qualified immunity applies in a given case, we must determine: (1) whether a public official has violated a plaintiff's constitutionally protected right; and (2) whether the particular right that the official has violated was clearly established at the time of the violation." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017). For a right to be clearly established, it must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015).

1. We affirm the district court's denial of qualified immunity to Officers Segura, Goodman, Draper, Przybyl, and Zuhlke on Savage's Fourth Amendment unlawful arrest claim. Savage has raised a genuine issue of material fact as to whether the WPD Officers had probable cause to arrest her for violating Sections

21950(b) or 21954(a) of the California Vehicle Code.[1] Considering the disputed facts in the light most favorable to Savage, WPD had blocked off Washington Avenue to all non-caravan traffic, both pro-police and anti-police demonstrators walked through the street, and the caravan cars traveled at extremely slow speeds while frequently stopping. Savage's version of the facts, moreover, is not "blatantly contradicted" by the video evidence. *Scott v. Harris*, 550 U.S. 372, 380 (2007). On these facts, there is no indication that Savage walking among the caravan cars posed an immediate hazard or that she "unexpectedly assert[ed her] right-of-way" such that it was "virtually impossible to avoid an accident." *Spann v. Ballesty*, 276 Cal. App. 2d 754, 761 (1969). Nor is there any indication that Savage posed an immediate hazard to others based on these Vehicle Code provisions. *See People v. Ramirez*, 140 Cal. App. 4th 849, 853–54 (2006).[2] And Savage's right to be free of unlawful arrest was clearly established at the time of the incident, as she was "unarmed, posed no threat to anyone, and w[as] not engaged in any criminal activity." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019).

The WPD Officers also argue that Officers Przybyl, Zuhlke, and Robert

---

[1] The WPD Officers forfeited any argument about California Penal Code Section 647c by failing to raise it properly before the district court.

[2] The WPD Officers' argument that they had probable cause to arrest Savage for violating California Penal Code Section 148(a)(1) fails because it is predicated on them having probable cause to arrest Savage for a violation of the California Vehicle Code or Section 647c of the California Penal Code.

cannot be held liable for any constitutional violation because they did not physically arrest Savage. But "[a] police officer need not have been the sole party responsible for a constitutional violation before liability may attach." *Id.* Rather, "[a]n officer's liability under section 1983 is predicated on his 'integral participation' in the alleged violation." *Id.* (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007)). As such, the district court did not err in finding that a reasonable jury could conclude that Officers Przybyl and Zuhlke were integral participants in the unlawful arrest. We find, however, that Officer Robert was not an integral participant in the unlawful arrest merely because he was present on the WPD station's roof during the arrest. Under the circumstances presented here, his actions were more akin to a "mere bystander" who did not demonstrate acquiescence in the arrest. *Cf. Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004). We therefore reverse the district court's denial of qualified immunity as to Officer Robert.

2. We affirm the district court's denial of qualified immunity to Officers Segura, Goodman, and Draper on Savage's Fourth Amendment excessive force claim. First, Savage has raised a genuine issue of material fact as to whether the officers used excessive force in arresting her. Viewing the disputed facts in the light most favorable to Savage, Officers Goodman and Draper failed to give any warnings; arrested her by surprise; grabbed her by the arms; dragged her to the

ground; pressed her face into the asphalt; placed a knee on her back hard enough to affect her breathing; and handcuffed her so tightly that her arm bled. Savage sustained multiple injuries from the incident and underwent surgery to release nerve compression in her elbow. And Savage's version of the facts is not "blatantly contradicted" by the video evidence. *Scott*, 550 U.S. at 380. We have found similar conduct to constitute sufficient force to permit a jury to reasonably conclude it was excessive. *See, e.g.*, *Rice v. Morehouse*, 989 F.3d 1112, 1121 (9th Cir. 2021); *Santos v. Gates*, 287 F.3d 846, 853–54 (9th Cir. 2002), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *LaLonde v. County of Riverside*, 204 F.3d 947, 959–60 (9th Cir. 2000).

Moreover, the severity of Savage's alleged crimes was minimal, Savage posed no immediate threat to anyone at the time of her arrest, and the officers failed to warn Savage that she could be subject to arrest for standing in front of the caravan cars. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). And whether Savage resisted arrest by attempting to bite Officer Goodman is a question for the jury. Under these circumstances, a reasonable jury could conclude that the force used by the officers was excessive.

Second, it was clearly established at the time of the arrest that using such significant force on Savage, who was suspected of a minor crime and posed no threat, was unconstitutional. *See, e.g.*, *Young v. County of Los Angeles*, 655 F.3d

5

1156, 1168 (9th Cir. 2011); *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003); *LaLonde*, 204 F.3d at 952, 959. And even considering Savage's attempted bite while she was on the ground, an officer's "non-trivial force [is] not justified in the face of passive or even minimal resistance." *Rice*, 989 F.3d at 1126; *see also Blankenhorn*, 485 F.3d at 479 ("[A] person has the 'limited right to offer reasonable resistance to an arrest that is the product of an officer's personal frolic.'" (quoting *United States v. Span*, 970 F.2d 573, 580 (9th Cir. 1992))). Accordingly, the district court did not err in denying qualified immunity to Officers Segura, Goodman, and Draper.

3. We affirm the district court's denial of qualified immunity to Officers Segura, Goodman, Draper, Przybyl, and Zuhlke on Savage's First Amendment retaliatory arrest claim.[3] As discussed above, the officers did not prove that they had probable cause to arrest Savage. Accordingly, a plaintiff bringing a First Amendment retaliatory arrest claim under such circumstances must prove: "(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial

---

[3] Because we reverse the district court's denial of qualified immunity to Officer Robert on Savage's Fourth Amendment unlawful arrest claim, we also reverse the district court's denial of qualified immunity to Officer Robert on Savage's First Amendment retaliatory arrest claim.

causal relationship between the constitutionally protected activity and the adverse action." *Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022). Here, the First Amendment protects Savage's participation in the protest as an anti-police demonstrator, *see Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 830 (9th Cir. 2020), and her criticism of law enforcement, *see Duran v. City of Douglas*, 904 F.2d 1372, 1378 (9th Cir. 1990). Being arrested after voicing anti-police views would chill a person of ordinary firmness from engaging in future First Amendment activity.

Savage has also raised a genuine issue of material fact as to whether a substantial causal relationship existed between her conduct and the arrest. *See Ballentine*, 28 F.4th at 63 ("[T]he issue of causation ultimately should be determined by a trier of fact." (alteration in original)). It is undisputed that WPD officers cheered, fist-bumped, hugged, and waved at pro-police demonstrators. No pro-police demonstrators were arrested or cited during the event despite yelling threats of violence and physically pushing anti-police demonstrators. Drivers in the pro-police caravan also drove in the opposing lane of traffic, made U-turns in the middle of the street, and blocked the intersection at the end of the street without being arrested or cited for any California Vehicle Code violation. Savage's right to be free from retaliatory arrest under the factual circumstances of this case was clearly established at the time of her arrest. *See, e.g.*, *Mackinney v. Nielsen*, 69

F.3d 1002, 1007 (9th Cir. 1995); *Duran*, 904 F.2d at 1377; *Ballentine*, 28 F.4th at 67.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**[4]

---

[4] The WPD Officers shall bear the costs associated with this appeal. Fed. R. App. P. 39(a)(4).